### SCHNUPP v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. April 10, 1907.)

TRIAL—CALENDARS—MOTION TO REINSTATE CAUSE—LACHES.

A motion to reinstate a cause on the day calendar, supported by an affidavit showing that the cause had been on the day calendar from June 20, 1903, to April 6, 1905, when the same was marked off Trial Term by consent, will be granted, though the motion was not noticed until January 11, 1907, and the affidavit shows no excuse for the delay, where the de-

fendant has made no motion to dismiss for nonprosecution and is not prejudiced by the delay.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 21–26.]

Appeal from City Court of New York, Special Term.

Action for personal injuries by John Schnupp against the Interurban Street Railway Company. Appeal by plaintiff from an order overruling a motion to reinstate the cause on the day calendar. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

John F. Foley, for appellant.
Bayard H. Ames, for respondent.

PER CURIAM. The motion was made upon notice dated January 11, 1907, and upon an affidavit of Mr. Culhane, an attorney connected with the office of plaintiff's attorney, in which affidavit it was set forth that the action was begun on May 19, 1903, by service of a summons and complaint; that issue was joined on May 28, 1903; that the case was continually on the calendar from June 20, 1903, to April 6, 1905, when the same was marked off Trial Term by consent; that the action is based upon negligence resulting in personal injuries to plaintiff; that the complaint alleged that on or about May 7, 1903, plaintiff was seated in a wagon proceeding westerly across Hudson street, in the city of New York, borough of Manhattan, when one of defendant's cars struck the wagon and threw plaintiff from the seat, causing him to receive the injuries for which the action was brought, to his damage in the sum of $2,000; that the number of the case upon the calendar of the court is No. 576; that on April 6, 1905, the case was upon the day calendar in Part 5, Trial Term, of the court; that plaintiff now desires to make a motion to restore said case to the day calendar, Part 5, of the City Court; and that he is ready to try the case as soon as reached. In opposition to the motion the affidavit of Chester A. Robinson, an attorney employed by the defendant in the action, was read, wherein it was set forth that the plaintiff was guilty of laches in delaying to move to have the case restored to the day calendar; that the moving affidavit was insufficient, in that no reason was given for the long delay. The motion was denied, with $10 costs.

While the plaintiff has been very slow in his prosecution of the action, still no motion has been made by defendant to dismiss the complaint on that ground, nor is there any claim that defendant has been prejudiced by the delay. We think the plaintiff, under the circumstances, should be allowed his day in court.

The order is reversed, without costs to either party, and with leave to the plaintiff to make another application in the court below.